IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 10-42974

GARY MORANO AND DEBORAH ACCINELLI MORANO,

    Plaintiffs,

v.

XL SPECIALTY INSURANCE CO.,

    Defendant.
_____/

A TRUE COPY
OCT 25 2010
HOWARD C. FORMAN
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FL

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiffs, GARY MORANO AND DEBORAH ACCINELLI MORANO, (hereinafter "Plaintiffs"), by and through their undersigned attorney, sues Defendant, XL SPECIALTY INSURANCE CO., (hereinafter "Defendant"), and alleges as follows:

### THE PARTIES AND JURISDICTION

1. This is an action for damages in excess of Fifteen Thousand ($15,000.00) dollars exclusive of interest, costs and attorneys' fees and for equitable relief pursuant to Chapter 86; Fla. Stat.

2. At all times material hereto, the Plaintiffs were residents of Broward County, Florida and are otherwise sui juris.

3. The Defendant is a foreign profit corporation qualified to do business in Florida


EXHIBIT A

CASE NO.:

and has at all times material hereto been conducting business in Broward County, Florida.

4. Venue is proper in Broward County, Florida because the contract, which forms the subject matter of this lawsuit, was executed in Broward County, Florida.

5. All conditions precedents to the filing of this lawsuit have occurred, been waived or been performed.

## GENERAL ALLEGATIONS

6. At all times material hereto, in consideration for a premium paid by the Plaintiffs, there was in full force and effect a certain homeowner's insurance policy issued by the Defendant with a policy number of ICS09661O1278301 (hereinafter the "Policy"). Plaintiff has lost and/or misplaced its copy of said insurance policy and declarations page. However, and by law, the Defendant is charged with maintaining a copy of this policy and declarations page, and upon information and belief, Defendant is in possession of said documents.

7. At all times material hereto, the above-referenced Policy provided coverage for the property located at 5831 SW 36 Court, Davie, FL 33314 as well as any and all personal property and/or contents contained therein.

8. On or about October 24, 2005, Plaintiffs suffered a hurricane loss including damage to the property located at 5831 SW 36 Court, Davie, FL 33314.

9. The Defendant acknowledged coverage for this loss and has assigned claim number ICAT-2005-V-00000004076 for the loss of October 24, 2005.

10. The Plaintiffs have performed all conditions precedent to recover under the

CASE NO.:

aforementioned policy and to the bringing of the instant action, and/or said conditions have been waived by the Defendant.

## COUNT I
### PETITION TO COMPEL APPRAISAL & APPOINTMENT OF NEUTRAL UMPIRE

11. Plaintiffs, readopt and reallege Paragraphs one (1) through twelve (12) above as if specifically set forth herein and further allege:

12. The Policy contains a right of appraisal to the Plaintiffs in the event of a dispute over the amount of the loss.

13. The Defendant has failed to comply with the Policy and/or allow the appraisal process to be utilized to set the amount of loss as to all damage sustained to Plaintiffs' dwelling and its contents. Plaintiffs demanded appraisal in accordance with the policy of insurance and the Defendant failed to name their appraiser within the requisite time period.

14. Further, as the Defendant has failed to tender payment and/or fully indemnify the Plaintiffs as to the full amount of their losses, the Plaintiff requests this court in addition to compelling appraisal, to appoint a neutral umpire should the parties be unable to agree on same.

15. Due to the Defendant's conduct, the Plaintiffs have been obligated to retain the undersigned counsel to bring this action and, pursuant to §627.428 Fla. Stat. (2009) and others, undersigned counsel is entitled to attorney's fees in this matter to be paid by the Defendant.

WHEREFORE, the Plaintiffs, GARY MORANO AND DEBORAH ACCINELLI

CASE NO.:

MORANO, pray for the Court to compel appraisal as per the insurance policy, to appoint a neutral umpire and to substantially confirm any appraisal award and award costs, prejudgment interest and attorney's fees to the Plaintiffs herein.

## COUNT II
## BREACH OF CONTRACT

16. Plaintiffs, readopt and reallege Paragraphs one (1) through twelve (12) above as fully set forth herein:

17. It is undisputed that Plaintiffs and Defendant entered into a written contract, the Policy, wherein the insured agreed to pay a premium and the Defendant agreed to insure the Plaintiffs' property.

18. The Plaintiffs have paid all premiums due and owing as contemplated by the Policy. Therefore, Plaintiffs have fully performed all obligations under the Policy.

19. The Defendant has failed to comply with the Policy's appraisal clause and/or make full payment of insurance proceeds to the Plaintiffs. Accordingly, Defendant has breached the policy.

20. As a direct and proximate result of the Defendant's conduct, Plaintiffs have been obligated to retain undersigned counsel to bring this action and, pursuant to §627.428 Fla. Stat. (2009) and others, undersigned counsel is entitled to attorney's fees in this matter to be paid by the Defendant.

WHEREFORE, the Plaintiffs, GARY MORANO AND DEBORAH ACCINELLI MORANO, pray for damages for the amount of the losses herein against the Defendant,

CASE NO.:

due to the subject flooding and hurricanes and for attorney's fees, costs, prejudgment interest and demands trial by jury of all issues triable as or right by a jury.

Dated this 22 day of October 2010.

> ALVAREZ & BARBARA, LLP
> Counsel for Plaintiffs
> Coconut Grove Bank Building
> 2701 South Bayshore Drive
> Suite 500
> Miami, FL 33133
> Tel: (305) 263-7700
> Fax: (305) 263-7699
> halvarez@alvarezbarbara.com
>
> By: _____
> HUGO V. ALVAREZ
> FBN.: 163960

G:\5656-0041-00\P\Complaint.wpd